SERVICE COPY

IN THE CIRCUIT COURT FOR SUMNER COUNTY
EIGHTEENTH JUDICIAL DISTRICT OF TENNESSEE

FILED
2:20 p M
SEP 17 2010
MAHAILIAH HUGHES, CLERK
BY_____ AS ___D.C

| | |
|---|---|
| PATRICE ANN MORRIS,<br><br>PLAINTIFF,<br><br>VS.<br><br>WAL-MART STORES EAST, LP, and<br>WAL-MART REAL ESTATE<br>BUSINESS TRUST<br><br>DEFENDANTS. | No. 83CC1-2010-CV-<br>JURY DEMAND |

## COMPLAINT

Comes the plaintiff, Patrice Ann Morris, and for their cause of action against the defendants would respectfully show to the Court and Jury as follows:

### I. The Parties

1.1     The plaintiff, Patrice Ann Morris, is a resident of Sumner County, Tennessee.

1.2     The defendant, Wal-Mart Stores East, LP, is, upon information and belief, a limited partnership organized in Delaware, with its principal office at 702 SW. 8th Street, Bentonville, Arkansas 72716, doing business in Gallatin, Sumner County, Tennessee, and may be served through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

1.3     The defendant, Wal-Mart Real Estate Business Trust, is, upon information and belief, a for-profit corporation formed in Delaware, with its principal office at 702 SW 8th Street #0555, Bentonville, Arkansas 72716, doing business in Gallatin, Sumner County,


EXHIBIT A

Tennessee, and may be served through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## II. Jurisdiction

2.1 Because this is a tort action for unliquidated damages, the Circuit Court has subject matter jurisdiction of this action pursuant to Tenn. Code Ann. §16-10-101.

## III. Venue

3.1 This is a transitory action. The events which give rise to this complaint occurred in Sumner County, Tennessee. Consequently, venue is established in Sumner County, Tennessee, pursuant to Tenn. Code Ann. § 20-4-101.

## IV. Factual Statements

4.1 On or about September 20, 2009, Ms. Morris was going to the Wal-Mart Supercenter Store #674, owned and/or operated by the defendants, Wal-Mart Stores East, LP and Wal-Mart Real Estate Business Trust, which is located at 1112 Nashville Pike, Gallatin, Tennessee 37066.

4.2 As Ms. Morris was walking in the parking lot, her foot slipped on one of the painted stripes on the parking lot surface.

4.3 At the time Ms. Morris slipped, the stripping was wet because it was raining.

4.4 The stripping did not have the proper slip resistant when wet.

4.5 The paint did not have a proper abrasive additive to render the surface slip resistant when wet.

4.6 As a result of the slip, Ms. Morris injured her knee.

4.7     Upon information and belief, the defendants' agents and/or employees were aware that the striping was not properly slip resistant.

4.8     The improper painted stripes created an unsafe condition.

4.9     The painted stripes had been there long enough that, in the event that the defendants' agents and/or employees were not actually aware of the unsafe condition, they should have been aware of that fact.

4.10    At the time of and immediately prior to Ms. Morris's slip, the defendants' agents and/or employees had not taken steps to remove or correct the unsafe condition of the painted stripes.

## COUNT I

5.1     The defendants owed Ms. Morris a duty to provide a reasonably safe walkway, to inspect the property to ensure no unsafe conditions were present, and to take corrective measures to remove unsafe conditions which could be remedied.

5.2     The defendants breached the above-listed duties to Ms. Morris, in the following ways:

   a.   The defendants failed to provide Ms. Morris a reasonably safe walkway because painted stripes in the parking lot were not properly slip resistant;

   b.   The defendants failed to properly inspect the striping to make sure it was properly slip resistant; and

   c.   The defendants failed to remove the remove the unsafe striping and install new striping which was properly slip resistant.

-3-

5.3     The breach by the defendants was the cause in fact and proximate cause of Ms. Morris's slip and the damages and injuries Ms. Morris received and constitutes negligence on the part of the defendants.

5.4     As a direct and proximate result of the negligence of the defendants, the Plaintiff suffered significant physical, emotional, and economic damages more fully described later in this complaint.

## COUNT II

6.1     This count is intentionally left blank and reserved for future amendments, if necessary.

## DAMAGES

7.1     As a direct and proximate result of the defendants' negligence, Ms. Morris received substantial emotional, physical, and economic injuries.

7.2     As a direct and proximate result of the defendants' negligence, Ms. Morris has incurred substantial medical bills for treatment of her injuries.

7.3     As a direct and proximate result of the defendants' negligence, Ms. Morris received painful injuries, has suffered both in body and mind, lost some of her ability to perform her usual activities, and lost some of her capacity to enjoy the pleasures of life.

**WHEREFORE, AND IN CONSIDERATION OF THE ABOVE, THE PLAINTIFF PRAYS:**

1.     That proper process issue and be served upon the defendants, requiring them to answer this Complaint within the time required by law;

2. That the Plaintiffs be awarded a judgment against the defendant in an amount not to exceed $150,000.00 to compensate the Plaintiff for pain and suffering, any permanent impairment/disfigurement, loss of capacity for the enjoyment of life, the cost of the Plaintiff's medical care services, pre- and post judgment interest, and the costs and discretionary costs in this cause;

3. That this cause be tried by a jury; and,

4. That they have such other, further, and general relief as to which they are entitled.

Respectfully submitted,

MOSELEY & MOSELEY
ATTORNEYS AT LAW

BY: _____
    James Bryan Moseley    No. 021236
Attorneys for Plaintiffs
Suite 300, One Church Street
101 Church Street
Nashville, Tennessee 37201-1609
615/ 254-0140
Fax: 615/ 244-2270

Copy to: Client