# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PATRICE ANN MORRIS | ) |
| Plaintiff, | ) |
| VS. | ) No. 3:10-cv-1045 |
| | ) JURY DEMAND |
| WAL-MART STORES EAST, LP, | ) JUDGE CAMPBELL |
| WAL-MART REAL ESTATE | ) MAGISTRATE JUDGE GRIFFIN |
| BUSINESS TRUST, and | ) |
| SOVEREIGN COMMERCIAL | ) |
| MAINTENANCE COMPANY, LLC, | ) |
| Defendants. | ) |

## AGREED CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1)b(2) the parties submit this proposed case management order:

**I.   Jurisdiction and Venue.**

This Court has jurisdiction over this case pursuant to 28 U.S.C. section 1332, there being diversity of citizenship and the amount in controversy exceeds $75,000.

**II.   Status of Service of Process and Responsive Pleadings.**

Defendant Wal-Mart Stores East, LP, was served on October 6, 2010. Defendant Wal-Mart Real Estate Business Trust was served on October 6, 2010. The Wal-Mart defendants' answer was filed on November 12, 2010.

Defendant Sovereign Commercial Maintenance Company, LLC, was served on December 9, 2010. Sovereign Commercial Maintenance Company's answer was filed on January 12, 2011.

**III.   Parties' Theories of the Case.**

   **A.   Plaintiff's Theory.**

The Wal-Mart Defendants were negligent in creating and/or allowing an unsafe condition to exist on their property. Defendant Sovereign Commercial Management Company was negligent in creating the dangerous condition. On September 20, 2009, Patrice Morris was walking in the parking lot of the Wal-Mart store in Gallatin,

Tennessee. The weather conditions outside the store were wet and rainy. Ms. Morris came to a painted section of the parking lot. The paint did not contain an abrasive additive making it very smooth and slippery in the wet conditions. The smooth and slippery condition of the painted surface was unsafe. As a result of the unsafe painted surface, Ms. Morris slipped and fell resulting in a dislocated knee and other injuries. The Defendants' employees had created the unsafe condition and knew or should have known about the condition of the painted surface where Ms. Morris slipped.

As a result of the slip and fall, Ms. Morris suffered significant personal injuries. She is seeking compensation for her medical expenses, pain and suffering, loss of enjoyment of life, and any permanent impairment.

### B. Defendants' Theories of Case.

#### 1. Wal-Mart's Theory.

Wal-Mart was not negligent and has no liability to plaintiff. Wal-Mart invokes and relies on the doctrine of comparative fault to the extent that the jury determines that Sovereign Commercial Maintenance Company, LLC, and plaintiff were negligent.

#### 2. Sovereign Commercial Maintenance Company's Theory.

Sovereign was not negligent and has no liability to plaintiff. Sovereign invokes and relies upon the doctrine of comparative fault to the extent that the jury determines that Wal-Mart, ICI Paints, and the plaintiff were negligent.

## IV. Issues Resolved and Issues Still in Dispute.

Other than jurisdiction and venue, all legal and factual issues remain at issue in this litigation.

## V. Discovery Motions.

No motions related to discovery or for a protective order shall be filed until a discovery dispute conference has taken place with the Magistrate Judge.

## VI. Discovery.

Discovery is not stayed during the disposition of any motions, unless ordered by the Court.

## VII. Schedule of Pretrial Proceedings.

(1). Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the Initial Case Management Conference.

(2). The deadline for filing motions to amend the pleadings shall be May 25, 2011, unless leave of Court is obtained for good cause shown.

(3). Plaintiff shall identify all expert witnesses who may testify on behalf of plaintiff and disclose all additional information required under Rule 26 with respect to expert witnesses by June 1, 2011.

(4). Defendants shall identify all expert witnesses who may testify on behalf of defendants and disclose all additional information required under Rule 26 with respect to expert witnesses by August 1, 2011.

(5). All fact discovery shall be completed by August 31, 2011.

(6). Any supplemental/rebuttal expert reports and disclosures shall be served by September 15, 2011. However, the parties shall not be permitted to serve expert disclosures from any experts not already identified in their Rule 26(a)(2) disclosures.

(7). All expert discovery shall be completed by October 31, 2011.

(8). All dispositive motions shall be filed by January 10, 2012. Any response to a dispositive motion shall be filed within 21 days of the filing of the motion or by January 31, 2012, if the motion is filed on January 10, 2012. Any reply, if necessary, shall be filed within one week of the filing of the response or by February 7, 2012, if the response is filed on January 31, 2012.

(9). The deadline for filing discovery-related motions is November 1, 2011.

**VIII.  Limitations on Discovery.**

The parties do not anticipate the need to place limitations on discovery at this time.

Because the parties anticipate little or no discovery of electronically stored information, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

**IX.  Protective Orders.**

Other than an anticipated agreed order of production and protection of medical records, the parties do not anticipate the need to seek a protective order at this time.

**X.  Settlement.**

Settlement prospects are unknown at this time.

## XI. Trial.

The parties request a trial date in May 2012. The trial of this matter is expected to last 2-3 days.

All of the foregoing is **SO ORDERED**.

_____
Judge

**APPROVED FOR ENTRY:**

S/ Patrick Witherington
Patrick Witherington, No. 22348
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Attorney for Wal-Mart Stores
East, LP, and Wal-Mart Real
Estate Business Trust


S/ Michele Fassbender
Michele B. Fassbender, No. 21165
Colin M. McCaffrey, No. 23771
Law Office of Michele B. Fassbender
1000 NorthChase Drive, Suite 250
Goodlettsville, TN 37072
(615) 851-4587
Attorneys for Sovereign Commercial
Maintenance Company, LLC


S/ Bryan Moseley
James Bryan Moseley, No. 21236
Moseley & Moseley
Suite 300, One Church Street
101 Church Street
Nashville TN 37201-1609
#615/254-0140
Attorney for plaintiffs

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via the electronic filing system upon James Bryan Moseley, Moseley & Moseley, Suite 300, One Church Street, 101 Church Street, Nashville TN 37201-1609, and Michele B. Fassbender and Colin M. McCaffrey, Law Office of Michele B. Fassbender, 1000 NorthChase Drive, Suite 250, Goodlettsville, TN 37072, on this the 17th day of January, 2011.

S/ Patrick Witherington

F:\PDW\morris.patrice\case management order 1.17.11.wpd