# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PATRICE ANN MORRIS,** | ) |
| PLAINTIFF, | ) |
| vs. | ) No. 3:10-cv-1045 |
| | ) JURY DEMAND |
| **WAL-MART STORES EAST, LP,** | ) JUDGE CAMPBELL |
| **WAL-MART REAL ESTATE** | ) MAGISTRATE GRIFFIN |
| **BUSINESS TRUST, and** | ) |
| **SOVEREIGN COMMERCIAL** | ) |
| **MAINTENANCE COMPANY, LLC,** | ) |
| DEFENDANTS. | ) |

## AGREED ORDER FOR THE RELEASE AND PROTECTION
## OF PATRICE ANN MORRIS'S MEDICAL AND EMPLOYMENT RECORDS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure; 45 C.F.R. §§ 160 and 164 of the Health Insurance Portability and Accountability Act ("HIPAA"), which specifically states that, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (I) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order"; and 38 U.S.C. § 7332(b)(2)(D), and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED that the law firm of **Law Office of Michele B. Fassbender**, shall be allowed by written request only to inspect and/or obtain certified copies of all employment records, income tax returns, medical records, medical reports, medical charts, x-ray

films, tissue slides or other laboratory specimens, diagnostic studies, pharmacy/prescription records, mental health records (including any and all psychiatrists, psychologists, social workers and any other mental health professional of any kind or nature), other documents or writings, including but not limited to, protected health information, as that term is defined in 45 C.F.R. Part 160 and Part 164 (HIPAA Privacy Rule) (collectively, the "Medical Information"), related to the care and treatment of **Patrice Ann Morris**. This includes medical records as they pertain to drug and alcohol and HIV/AIDS treatment.

**Law Office of Michele B. Fassbender**, shall notify plaintiff's attorney of all requests for records contemporaneously with such request being made, pay all costs of obtaining copies of aforesaid documents and will provide copies of said Medical Information obtained pursuant to this Order to plaintiff's attorney, James Bryan Moseley, at no charge and within ten (10) days of receipt of any information obtained.

**THIS ORDER DOES NOT PERMIT EX PARTE COMMUNICATIONS BETWEEN THE LAWYERS OR THEIR REPRESENTATIVES AND THE HEALTH CARE PROVIDERS.**

**THIS ORDER DOES NOT PERMIT DISCLOSURE OF INSURANCE INFORMATION AND ANY INADVERTENT DISCLOSURE OF SUCH INFORMATION IS NOT A WAIVER OF THE INADMISSABILITY OF THIS INFORMATION AS A COLLATERAL SOURCE.**

The information obtained through use of this Order may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written

consent of the plaintiff, the information produced pursuant to this Order shall not be disclosed to any person other than (a) counsel for the parties, (b) employees or agents of counsel for the parties, (c) plaintiff and any current manager or claims representative of defendant, to the extent deemed necessary by counsel for the prosecution or defense of this litigation (defendant shall seek leave of court if it needs someone other than a current manager or

claims representative of defendant to review the records), (d) experts and consultants retained for the prosecution or defense of this litigation, (e) any authors or recipients (in the ordinary course of the health care provider's business) of the Medical Information, or (f) the Court, court personnel, court reporters, and witnesses at trial.

The portion of this Order permitting release of records shall expire upon final disposition of this case, and the law firm of **Law Office of Michele B. Fassbender**, shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order and all copies thereof will be destroyed or safely archived within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

This Order shall be binding on the parties to this litigation, their attorneys, and the employees, consultants and other persons employed or retained by the parties or their attorneys.

SIGNED this 8th day of June, 2011.

_____
Juliet Griffin, U.S. Magistate Judge

Approved for Entry:

MOSELEY & MOSELEY
ATTORNEYS AT LAW


BY:___s/James Bryan Moseley_____
    James Bryan Moseley, No. 021236
Attorneys for Plaintiff

Suite 300, One Church Street
101 Church Street
Nashville, Tennessee 37201-1609
615/ 254-0140
Fax: 615/ 244-2270


Law Office of Michele B. Fassbender


BY:__s/ Michele B. Fassbender_____
    Michele B. Fassbender,         No. 021165
Attorneys for Sovereign Commercial Maintenance Company, LLC

1000 NorthChase Drive, Suite 250
Goodlettsville, Tennessee 37072
615/ 851-4587
Fax: 615/ 851-4590