IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICE ANN MORRIS )
)
v. ) No. 3-10-1045
)
WAL-MART STORES EAST, LP; )
WAL-MART REAL ESTATE BUSINESS )
TRUST; and SOVEREIGN )
COMMERCIAL MAINTENANCE )
COMPANY, LLC )

O R D E R

Pursuant to the order entered December 19, 2011 (Docket Entry No. 32), counsel for the parties called the Court on January 3, 2012, at which time the following matters were addressed:

1. The parties advised that the plaintiff had agreed to dismiss defendant Sovereign Chimerical Maintenance Company, LLC, and that a stipulation of dismissal would be filed that day. A notice of agreed non-suit and stipulation of dismissal were filed on January 3, 2012, and the parties' stipulation of dismissal entered on January 3, 2012 (Docket Entry No. 34).

2. The defendants sought to require the plaintiff to specifically identify the standards to which she referred in Topic 1 of the Rule 30(b)(6) notice to the defendants, inasmuch as the notice itself refers to multiple standards and regulations. See Docket Entry No. 31-1, at 2, § 1. After discussion, the first topic of the Rule 30(b)(6) notice to the defendants, see Docket Entry No 31-1, at 2, § 1, is hereby amended to delete the second sentence in its entirety and to change the last sentence to delete "relevant" and to add after "standards" the phrase "considered by WalMart," such that the revision to Topic 1 reads in its entirety as follows:

> Safety standards used or referred to by Wal-Mart Stores East, LP and Wal-Mart Real Estate Business Trust that relate to application and maintenance of painted markings on parking lots as applicable to the period of 2007 through 2010. In any event the witness will need to testify about sources the Wal-Mart Defendants referred to for safety standards for the relevant period. The witness will need to be familiar with the specific application of the standards considered by Wal-Mart to the slip resistance of painted markings on parking lots;

3. In the Rule 30(b)(6) notice, the plaintiff also sought a description of "other incidents of individuals slipping on painted walking surfaces reported at this <u>or other Wal-Mart store.</u>" Docket Entry No. 31-1, at 3, § 4 (emphasis added). The defendants argued that the issue was whether the particular location at which the plaintiff slipped was dangerous, and that the plaintiff is not entitled to disclosure of other incidents at other locations. The Court agreed with the defendant inasmuch as the circumstances of the walking surfaces, the painting, the location, and the length of time from the application of the paint to the incident, as well as other factors such as the weather conditions and time of day, would require extensive inquiry into each such incident to determine the degree to which the conditions were substantially similar to those surrounding the incident in this case. Therefore, Topic 4 of the plaintiff's Rule 30(b)(6) notice was limited to incidents at the particular store at issue in this case.

4. The deadlines provided in the orders entered March 22, 2011 (Docket Entry Nos. 24-25), are extended as specifically provided below.

5. The August 31, 2011, deadline for completion of fact discovery is extended to February 3, 2012, for the purposes of the plaintiff's taking a Rule 30(b)(6) deposition or depositions.

6. The October 31, 2011, deadline for completion of non-medical, expert discovery is extended to March 2, 2012, for the sole purpose of the defendant's taking the deposition of the plaintiff's expert.

7. The plaintiff shall have until March 15, 2012, to take the deposition of the plaintiff's treating physician for proof at trial.

8. In the unlikely event that the defendant believes that it needs to schedule an IME of the plaintiff, such IME shall be taken by March 15, 2012.

9. The January 10, 2012, deadline for filing dispositive motions was extended to February 1, 2012. Any response to any dispositive motion shall be filed within 21 days of the filing of the motion or by February 22, 2012, if the motion is filed on February 1, 2012. Any reply, if

necessary, shall be filed within seven (7) days of the filing of the response or by February 29, 2012, if the response is filed on February 22, 2012.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

No party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment.

Except as specifically provided herein, the orders entered March 22, 2011 (Docket Entry Nos. 24-25), as well as the order entered April 13, 2011 (Docket Entry No. 27), remain in full force and effect.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge