IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICE ANN MORRIS            )
                              )
v.                            ) NO. 3-10-1045
                              ) JUDGE CAMPBELL
WAL-MART STORES EAST, LP,     )
     et al.                   )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 36). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiff brought this negligence action against Defendants to recover for injuries allegedly sustained when she slipped and fell in the parking lot of Defendants' Wal-Mart store in Gallatin, Tennessee. Plaintiff's Complaint was filed in the Circuit Court of Sumner County, Tennessee, and Defendants removed the action to this Court, based upon diversity of citizenship. Docket No. 1.

Plaintiff alleges that, on or about September 20, 2009, as she was walking in the parking lot of the Wal-Mart store, her foot slipped on one of the painted stripes on the parking lot surface, and she fell and injured her knee. Plaintiff contends that the surface was wet because it was raining and that the painted stripes did not have the proper slip resistance for a wet surface. Specifically, Plaintiff asserts that the paint did not have a proper abrasive additive to render the surface slip-resistant when wet.

Defendants have moved for summary judgment, arguing that the painted stripe in the parking lot was not a dangerous condition, that Plaintiff's assertion as to the cause of her fall is speculative, and that Plaintiff's comparative fault was at least 50%, barring any recovery from Defendants.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## NEGLIGENCE

To bring a successful negligence claim, Plaintiff must establish (1) a duty of care owed by Defendants to her; (2) conduct by Defendants falling below the applicable standard of care that

2

amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).

The duty of care is a legal obligation to act as a reasonably prudent person to protect against an unreasonable risk of harm to others. *Hickman v. Jordan*, 87 S.W.3d 496, 498 (Tenn. Ct. App. 2001). In analyzing duty, a court must balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm. *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998).

Owners and occupiers of business premises have a duty to exercise reasonable care to protect their customers from unreasonable risks of harm, which requires maintaining the property in a reasonably safe condition. *Longmire v. The Kroger Co.*, 134 S.W.3d 186, 188 (Tenn. Ct. App. 2003). While business owners are not insurers of their patrons' safety, they are required to use due care under all circumstances. *Martin v. Washmaster Auto Center, U.S.A.*, 946 S.W.2d 314, 317 (Tenn. Ct. App. 1996).

This duty to exercise reasonable care includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. *Rice*, 979 S.W.2d at 308. The duty imposed on the premises owner, however, does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated or from those which the owner neither knew about nor could have discovered with reasonable care. *Id*. The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the defendant's power more probably than not would have prevented the injury. *Id*. at 309 (*quoting Doe v. Linder Const.Co., Inc.,* 845 S.W.2d 173, 178 (Tenn. 1992)).

3

The Court finds that Defendants owed Plaintiff a duty to exercise reasonable care, under the circumstances, to protect her from unreasonable risks of harm. Determining that a duty exists, however, should not be confused with determining whether a breach of that duty occurred. If Defendants failed to exercise reasonable care under these circumstances, they breached their duty to the Plaintiff. The questions of whether the defendant has breached that duty and thereby caused the plaintiff's injury are matters to be determined by the trier of fact. *Patterson-Khoury v. Wilson World Hotel - Cherry Road, Inc.*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003).

Here, accepting the facts in the light most favorable to the Plaintiff, as the Court must do, there are genuine issues of material fact as to whether the painted stripes on Defendants' parking lot presented an unreasonable risk of harm to Plaintiff and whether Defendants' actions or inactions proximately caused Plaintiff's injury.

For example, Plaintiff's expert opines, based upon testing conducted sixteen months after Plaintiff's fall (September 2009 - January 2011), that the painted markings on the parking lot surface were unreasonably dangerous when wet. Docket No. 36-3. Plaintiff's expert also opines that a change in traction between the painted and the bare asphalt is a significant safety concern and that Plaintiff slipped as a result of insufficient friction between her shoes and the wet, painted surface. *Id*. Plaintiff's expert contends that the condition of the painted stripes when wet was unsafe and that an abrasive additive should have been added to the paint in order to provide a proper slip-resistant texture. *Id*.

Defendants argue that the expert's opinion is flawed and interpret his findings differently from Plaintiff. Whether Plaintiff's expert is to be believed, in whole or in part, is a question for the trier of fact. Reasonable minds could determine that Defendants acted reasonably in painting and

4

maintaining the parking lot and no further action was required to satisfy Defendants' duty of reasonable care. On the other hand, reasonable minds could find that Defendants, to fulfill that duty of reasonable care, should have taken further action with regard to the parking lot. Because reasonable minds could differ as to whether Defendants breached a duty of reasonable care and as to whether any such breach caused Plaintiff's injury, a jury will have to decide the disputed questions of fact relevant to these issues.

Finally, the percentage of fault, if any, to be attributed to Plaintiff under Defendants' comparative fault theory, is also a fact-intensive inquiry properly left to the jury. *Barnard v. Wal-Mart Stores East, L.P.*, 2009 WL 2461355 at * 6 (E.D. Tenn. Aug. 10, 2009); *Staples*, 15 S.W.3d at 91-92.

## CONCLUSION

For all these reasons, the Court finds that Defendants have not carried their burden of showing no genuine issues of material fact and that they are entitled to judgment as a matter of law. Therefore, Defendants' Motion for Summary Judgment is DENIED. This action remains set for trial on December 11, 2012.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5